**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIGER CENTURY AIRCRAFT, a Nevada Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CALSPAN CORPORATION, a Delaware Corporation, <br><br> Defendant. | 1:09-cv-0317 OWW GSA <br><br> ORDER ON MOTION TO STRIKE |

The Motion of Defendant, Calspan Corporation, to Strike Plaintiff Tiger Century Aircraft's Exhibit 18 to its Motion for Preliminary Injunction came on for hearing April 24, 2009.[1]

The document in question is a settlement letter between the Plaintiff and the Defendant that contains the following provision:

> "In accordance with Rule 408 of the Federal Rules of Evidence, please note the terms of this letter will be considered compromise negotiations only and cannot be construed and or used against Calspan in any manner. Accordingly, the terms of this letter are <u>not</u> admissible or discoverable in any respect."

Under Federal Rule of Evidence 408 an offer to compromise cannot be used to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount. Rule 408 does

---

[1] Exhibit 18 is attached to Plaintiff's reply brief in support of its motion for preliminary injunction. (Doc. 18.) The hearing on the motion to strike was held contemporaneous with the hearing on the motion for preliminary injunction.

1

not, however, prohibit using an offer to compromise for another purpose such as "negating a contention of undue delay." See Fed. R. Evid. 408(b). In opposition to Plaintiff's motion for preliminary injunction, Defendant argued that Plaintiff "unreasonably and inexcusably" delayed bringing its motion for preliminary injunction. (Doc. 15-1 at 3.) At oral argument on the motion to strike, the court stated the settlement letter would be considered for the "limited purpose" of explaining Plaintiff's delay but would not consider it for other purposes prohibited by Rule 408. Defendant's motion to strike was (and remains) granted in part and denied in part.

At oral argument on the motion to strike, Defendant's counsel orally moved to seal the settlement letter and/or redact the dollar amount. Plaintiff was given an opportunity to file an opposition.

In Plaintiff's "Opposition To Court Order To Seal Litigation Document" (Doc. 28), Plaintiff's counsel omitted the critical word "not" from his alleged *in haec verba* recitation of the restriction in the letter that states the "terms of this letter are <u>not</u> admissible or discoverable in any respect." Counsel is reminded of his duty of candor to the court and his professional responsibility not to misrepresent facts or law in the presentation of arguments to the Court.

Rather than seal the entire settlement letter, consistent with the motion to strike, the irrelevant and improper portions of the settlement letter (Exhibit 18) are stricken and ordered redacted. The only portion of the settlement letter necessary to evidence the fact that a settlement was offered is the first sentence: "Per your request during our telephone conference on Friday, November 14,

2008, I am providing you with a brief summary of Calspan Corporation's ("Calspan") settlement offer, which includes Calspan's desire to continue a working relationship with your client, Tiger Century Aircraft ("TCA")." All other paragraphs of the settlement letter, which are irrelevant to the limited purpose for which the letter was received, are stricken from the evidence and ordered redacted.

    This decision pertains only to the motion for a preliminary injunction.

IT IS SO ORDERED.

Dated:   **August 14, 2009**　　　　　　　　**/s/ Oliver W. Wanger**
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

3