UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

TIGER CENTURY AIRCRAFT,
 a Nevada Corporation,

Plaintiff,

vs.

CALSPAN CORPORATION,
 a New York Corporation,

Defendant.

Case No.: 1:09-CV-00317-OWW-GSA

# CONFIDENTIALITY AGREEMENT

Plaintiff and Counterclaim Defendant Tiger Century Aircraft ("TCA") and Defendant and Counterclaim Plaintiff Calspan Corporation ("Calspan") enter into this Confidentiality Agreement for the purpose of assuring the confidentiality and protection of certain confidential and proprietary information that may be disclosed by any party or by a third party to any party in the course of this litigation.

1. As used in this Confidentiality Agreement, the term "Confidential Information" includes any material or information that is disclosed by any party, or by a third party to any party, in the course of this litigation that is deemed in good faith by the disclosing party (or a party to this litigation if the disclosing party is a third party) to be confidential or proprietary, and that has been designated as "Confidential" or "Attorney's Eyes Only" in one or more of the following ways:

   a. Information contained in any document, summary or part thereof may be so designated by making the word "Confidential" or "Attorney's Eyes Only" on the

document and all copies of it delivered to counsel for the receiving party, or by giving written notice to counsel for the receiving party, describing the document or part thereof either specifically or by category;

   b. Information contained in an answer to any question asked or any statement made during this litigation may be designated "Confidential" or "Attorney's Eyes Only" by a statement made during the course of the negotiations on the same day that the answer is given or by a writing served by first class mail or overnight delivery within ten (10) business days after the answer or statement was made; and

   c. Information, whether oral or written, concerning the Aircraft Sales Agreement between defendant Calspan Corporation and the Norwegian Defense Logistics Organisation Surplus Materiel Management Program dated February 5, 2009 (the "Norway Agreement").

  2. Confidential Information designated as "Confidential" that is disclosed by either party or by a third party to any party during the course of this litigation:

   a. shall only be used by the parties to this litigation, their counsel, any independent expert witnesses and advisors and consultants retained by a party to this litigation in connection with the prosecution and defense of this litigation and for no other purpose;

   b. shall not be published to the general public in any form by any party to this litigation, their counsel, or any independent expert witnesses, advisors and consultants retained by a party to this litigation, nor used by any party to this litigation, their counsel, or any independent expert witnesses, advisors and consultants retained by the receiving party for any business or commercial purpose; and

    c. may be disclosed by counsel to the parties to this litigation only to the following persons insofar as it is reasonably necessary to the prosecution or defense of this litigation:

    (1) attorneys of record for the parties to this litigation, including any attorneys employed by a law firm of record that represents a party;

    (2) secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents a party;

    (3) the receiving party or independent expert witnesses, advisors and consultants retained by a party in connection with this litigation;

    (4) technical, secretarial, clerical or other personnel employed full-time or part-time by independent expert witnesses, advisors and consultants of a party;

    (5) court reporters or stenographers engaged to record deposition testimony, and their employees; and

    (6) such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party pursuant to the provisions of Paragraph 6, below.

    d. TCA shall not discuss, disclose, or communicate with the Government of Norway, the Norwegian Defense Logistics Organisation, or any of their agents or representatives prior to the expiration of the Norway Agreement unless defendant Calspan consents in writing prior to such discussion, disclosure, or communication.

    3. Confidential Information designated as "Attorney's Eyes Only" that is disclosed by either party or by a third party to any party during the course of this litigation:

    a. shall be used only by counsel for the parties to this litigation, and any independent expert witnesses, advisors and consultants retained by a party only for purposes of this litigation;

    b. shall not be disclosed to the parties to this litigation themselves or to their employees, officers or directors; and

    c. shall not be published to the general public in any form or used for any business or commercial purposes by the any party to this litigation; and

    d. shall be disclosed by counsel for a party to this litigation only to the following persons insofar as it is reasonably necessary to the defense of this litigation:

      (1) attorneys of record for a party to this litigation, including any attorneys employed by a law firm of record that represents a party;

      (2) secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents a party;

      (3) independent expert witnesses, advisors and consultants firms retained by a party in connection with this litigation;

      (4) technical, secretarial, clerical or other personnel employed full-time or part-time by independent expert witnesses, advisors and consultants of a party;

      (5) court reporters or stenographers engaged to record testimony, and their employees; and

      (6) such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party pursuant to the provisions of Paragraph 6 below; and

    e. may be offered by either party without consent of the other party as a trial exhibit.

    4. The use of the designation "Attorney's Eyes Only" shall be made only upon a good-faith assessment that the material covered by such designation represents confidential commercial information of such a sensitive nature that its dissemination cannot adequately be covered by the protections set forth in paragraph 2 above.

    5. Nothing in this Confidentiality Agreement shall preclude a disclosure of information to any person who offered, prepared, previously had legal access to, was an addressee of, received a copy of such information prior to the date of this Confidentiality Agreement, or participated in the creation, compilation or production of such information.

    6. In the event that any party desires that information designated as "Confidential" or "Attorney's Eyes Only" be disclosed, communicated, discussed, or made available to any person not otherwise authorized by this Confidentiality Agreement, the party wishing to disclose, communicate, discuss, or make available such information must submit to counsel for the designating party a written notice specifically identifying the information to be disclosed, and the name, title, and business relationship of the persons to whom counsel wishes to make such disclosure.  Counsel for the designating party shall have 10 business days from the date of receipt of the notification to object to the disclosure to any person identified therein. If counsel for the designating party does not respond in writing to the written notice of disclosure within 10 business days after receipt thereof, the persons named in the notice, subject to the terms and conditions of this Confidentiality Agreement, shall be entitled to receive the information specified in the notice, but no other materials subject to this Confidentiality Agreement.  If any counsel for the designating party responds and objects to the disclosure

request, and the parties subsequently are unable to agree on the terms and conditions of the requested disclosure, the party seeking disclosure may file a motion with the Court, served on counsel for all other parties, setting forth the basis for seeking such disclosure, in which case, the requested disclosure shall only be made upon such terms as the Court shall provide.

7. A copy of this Confidentiality Agreement, together with the Acknowledgment agreeing to be bound by its terms in the form annexed hereto as Exhibit A, shall be delivered to each person within category 3 of paragraphs 2(c) and 3(d) above to whom disclosure of Confidential Information will be made. The provisions of this Confidentiality Agreement shall be binding upon each such person to whom disclosure is made. Counsel for the party disclosing the information to an authorized person(s) under paragraphs 2(c) and 3(d) above shall obtain and retain a signed copy of said Acknowledgment before any such person receives any Confidential Information.

8. Secondary documents, including but not limited to, notes, memoranda, analyses and briefs that are prepared from any materials described herein that contain Confidential Information shall be treated in the same fashion as the underlying materials.

9. If any party disputes the designation of information as "Confidential" or "Attorney's Eyes Only," the party disputing the designation shall serve counsel for the designating party a written notice specifically identifying the challenged designation and the factual and legal basis for the challenge. Counsel for the designating party shall have 10 business days from the date of receipt of the notification to respond to the challenge. If counsel for the designating party does not respond in writing to the written notice of challenge of designation, then the party seeking to remove the designation may request relief from the Court upon notice to counsel for all parties. Until the Court resolves the dispute, all materials designated as

"Confidential" or "Attorney's Eyes Only" shall be treated according to their designation. The party in whose favor such application or motion is resolved by the Court may, in the Court's discretion, be entitled to recover attorneys' fees and costs incurred in connection with such application or motion.

10.     The provisions of this Confidentiality Agreement shall not be construed as preventing any disclosure of Confidential Information by the parties designating the information as such in any such other litigation.

11.     Before filing with the Court any pleading, motion, application, memorandum of law, or other paper that in any manner quotes, paraphrases, attaches as an exhibit or otherwise discloses information that has been designated by another party as Confidential Information, the party that intends to file such pleading, motion, application, memorandum of law or other paper, shall do so under seal or provide counsel for the designating party 10 days prior written notice specifically identifying the Confidential Information intended to be disclosed so that the designating party may make a sealing application to the Court if the designating party deems that one is necessary. By way of this Confidentiality Agreement, both parties may file documents and other information designated as "Confidential" and/or "Attorney's Eyes Only" pursuant hereto under seal.

12.     The inadvertent production of information or documents by either party or by a third party to any party for inspection and copying shall not itself be deemed to waive any claim of attorney-client privilege, or attorney work product protection that might exist with respect to such document or other documents or communication, written or oral, including with limitation, other communications referred to in the documents or information produced.

13. In the event any Confidential Information of a party or a third party is the subject a subpoena or order requiring its disclosure, the recipient of the subpoena or order will provide immediate notice to the disclosing party through its counsel. The recipient of the subpoena or order shall not object to the disclosing party's appearance to protect its interest in maintaining the information as confidential. The recipient of the subpoena or order will not respond to any such subpoena or order until the disclosing party has a reasonable opportunity to seek appropriate relief from the Court, including but not limited to, a motion for a protective order.

14. Any evidence of a party furnishing or offering or promising to furnish — or accepting or offering or promising to accept — a valuable consideration in compromising or attempting to compromise a claim in this litigation or any evidence of conduct or statements of a party shall not be admissible in this litigation for any purpose.

15. Information received from persons or entities not a party to this litigation may be designated as "Confidential" or "Attorney's Eyes Only" by a party to this litigation. Inadvertent disclosure of any document or information shall not operate as a waiver of confidentiality, and any party inadvertently disclosing such information without first designating the information as "Confidential" or "Attorney's Eyes Only" may do so upon learning of the disclosure. However, any dissemination or disclosure of such later-designated information shall not be deemed a violation of this Confidentiality Agreement until the information is designated as "Confidential" or "Attorney's Eyes Only."

16. Nothing in this Confidentiality Agreement shall be deemed to limit or constitute a waiver of any Party's right to object to the production of any information on the basis of privilege or for any other reason provided under applicable law.

17. All settlement materials, including, but not limited to, materials designated as "Confidential" and/or "Attorney's Eyes Only", and all copies thereof, shall be either destroyed or returned to the disclosing party or its counsel, per the disclosing party's instructions within, thirty (30) days of the conclusion of this litigation including any appeals. Counsel for the receiving party shall certify in writing to counsel for the disclosing party that said materials have been destroyed or returned per the disclosing party's instructions, or otherwise disposed of as ordered by the Court, within thirty (30) days of the conclusion of this litigation including any appeals.

Dated:  June 15, 2010  **SCHULTZ AND ASSOCIATES**
*Attorneys for TCA*

By:     s/Robert B. Schultz
          Robert B. Schultz
9710 W. 82nd Avenue
Arvada, Colorado  80005-2113
(303) 456-5565
*bob@rbschultz.com*

**HODGSON RUSS LLP**
*Attorneys for Calspan*
By:     s/Jeffrey C. Stravino
          Jeffrey C. Stravino
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202
Telephone:  (716) 856-4000
*jstravino@hodgsonruss.com*

**ORDER**

**IT IS SO ORDERED:**

Dated: June 17, 2010         /s/ Gary S. Austin
Honorable Gary S. Austin
United States Magistrate Judge